UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINA LEWIS,

                    Plaintiff,

            -against-

SUSSMAN LAW OFFICE; MICHAEL
SUSSMAN; JOYMARIE LEWISHOLLIDAY,

                  Defendants.

21-CV-4652 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action alleging "[d]isrcimination [sic] and thefy [sic] of intellectual property." (ECF No. 2-1.). By order dated November 29, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] Plaintiff is barred, under 28 U.S.C. § 1915(g), from bringing federal civil actions IFP as a prisoner. *See Lewis v. Epstein*, ECF 1:14-CV-9404, 8 (S.D.N.Y. July 29, 2015), *appeal dismissed*, Nos. 15-3173, 15-3176, 15-3196 (2d Cir. Mar. 24, 2016). Plaintiff is also barred, under 28 U.S.C. § 1651, from filing future actions IFP in this court, without prior permission. *Lewis v. Wolfe*, ECF 1:21-CV-6949, 7 (S.D.N.Y. Nov. 16, 2021). Because Plaintiff was not a prisoner at the time that she filed the present complaint, and because the present complaint was filed prior to November 16, 2021, Plaintiff's complaint is not subject to the filing bars, and Plaintiff may proceed IFP in this action.

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against Sussman Law Office, Michael Sussman, and JoyMarie LewisHolliday. Plaintiff's complaint is not the model of clarity, but the following allegations are taken from the complaint. Plaintiff started the Newburgh Enrichment Center (NEC), a

"corporation formed under section 402 of 501C.3, with a pending IRS 501.C.3 application."

(ECF No. 2 at 2-5.) On May 24, 2021, Plaintiff met Defendant JoyMarie LewisHolliday, who

informed Plaintiff that she had never heard of Plaintiff or the NEC, but Defendant LewisHolliday

agreed to help Plaintiff. Plaintiff "immediately forwarded all my intellectual property and

developers' information for her review." (*Id.* at 2-7.) Minutes later, Plaintiff received an email

from Defendant LewisHolliday, informing her that she could not help her because of Plaintiff's

relationship with Defendant Michael Sussman. (*Id.*) Plaintiff accuses Defendant Sussman of

refusing to "provide [Plaintiff] with services," and that "this is the second time that either he or

his staff has [sic] advised [her] to provide [her] intellectual property just before he refuses to

provide services to [her] or even treat [her] like a human being. (*Id.*) In February 2019, Plaintiff

provided Defendant Sussman with a business plan, right after Bill Kaplan of the Armory Unity

Center incorporated the S.T.E.M. program into its activities and received thousands of dollars for

construction costs. (*Id.*) Because of Defendant Sussman's actions, Plaintiff's project is being

called a duplicate by the City of Newburgh, legislative aides, and community constituents. (*Id.*)

Plaintiff accuses Defendant Sussman of advising Defendant LewisHolliday to obtain

Plaintiff's intellectual property to steal it. Because Plaintiff asserts that Defendants are in

possession of her business plan, which is worth millions, she seeks monetary damages in the

amount of twenty million dollars.

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited. Federal jurisdiction

exists only when a "federal question" is presented, 28 U.S.C. § 1331, or when there is "diversity

of citizenship" between the plaintiff and the defendant and the amount in controversy exceeds

$75,000.00, 28 U.S.C. § 1332. Federal courts "have an independent obligation to determine

whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."

*Arbaugh v. Y&H Cor*p., 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). If a court "concludes that it lacks subject-matter jurisdiction, [it] must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514; *see also* Fed. R. Civ. P 12(h)(3).

### A.     Federal question jurisdiction

To provide a basis for federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff's complaint does not set forth any federal claims or otherwise assert a basis for federal question jurisdiction. Because Plaintiff 's allegations do not arise under the Constitution or any federal statute, federal question jurisdiction does not apply.

### B.     Diversity jurisdiction

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction to consider this action. To establish jurisdiction under Section 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff alleges that she resides in Newburgh, New York, and she asserts that Defendant Michael Sussman is a citizen of New York, and that Sussman Law Firm is incorporated in the State of New York. Plaintiff also lists a New York address for Defendant LewisHolliday. Because Plaintiff alleges that she and Defendants are citizens of the same state, diversity does not exist between the parties, precluding diversity jurisdiction.

As Plaintiff has failed to allege facts showing that the Court has either federal question or diversity jurisdiction of this matter, the Court dismisses Plaintiff's complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.").

## C. Leave to amend is denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court declines to grant Plaintiff leave to amend her complaint because the allegations show that the defects in Plaintiff's complaint cannot be cured with an amendment.

## CONCLUSION

The Court dismisses the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:    December 6, 2021
          New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge